FILED
DEC - 2 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Carolyn E. O'Connor, )
)
      Plaintiff, )
)
v. )   Civil Action No. 19-3262 (UNA)
)
Extra Space Storage Corp., *et al.* )
)
      Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

"For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). It is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

1

To that end, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference," *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004), and an "'allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction,'" *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)). To satisfy the amount-in-controversy requirement, moreover, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). A court may reject the sum claimed, if it finds "to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* at 289.

Plaintiff resides in an apartment in Washington, D.C. She alleges that similar to her lawsuit against Cube Smart, *O'Connor v. Dep't of Insurance, Securities and Banking*, No. 19-cv-3245 (UNA), the lead defendant in this case, Extra Space Storage, charged her "for non-existent personal property insurance on her property" that was stored at defendant's rental unit "from May to November 2019." Amended Compl. at 1, ECF No. 3. Plaintiff alleges that Extra Space offered no option to purchase or to refuse the insurance but instead forced her to pay "[t]he small amount of $11.00 monthly" by "automatically" including the charge in her monthly billing statement. *Id.* Plaintiff "surmises," among other things, that Extra Space Storage "is scamming consumers on a nationwide basis... by charging consumers for non-existence individual insurance coverage." *Id.* at 2. In addition to Extra Space Storage and officers of that company, plaintiff has sued three other companies and their respective officers or executives based on their employees' alleged responses to plaintiff's inquiries about obtaining a copy of her insurance policy covering the stored property. Plaintiff seeks $20 million for Negligence; $20 million for

violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); $20 million for violations of the Federal Trade Commission Act; and $20 million each for "Intentional Acts" and "Bad Faith Dealings." Am. Compl. at 3-4. Her "basic claim" for "compensatory damages begins at One Hundred Million Dollars." *Id.* at 4-5.

### 1. Federal Question Jurisdiction

The complaint fails to present a federal question. First, the Federal Trade Commission Act plaintiff has invoked is "enforced exclusively" by the Federal Trade Commission, and it "does not provide for a private cause of action." *Samuel v. Wells Fargo & Co.*, 311 F. Supp. 3d 10, 20 (D.D.C. 2018) (citations and internal quotation marks omitted).

Second, the RICO Act provides that "any person injured in his business or property by reason of a violation of section 1962" may sue for treble damages in district court. 18 U.S.C. § 1964(c). Plaintiff has not alleged such an injury. Regardless, § 1962 makes it unlawful for any person to receive "any income derived, directly or indirectly, from a pattern of racketeering activity . . . ," and "[r]acketeering activity" encompasses "any act which is indictable" under a specific list of federal criminal offenses known as "predicate offense[s]." 18 U.S.C. § 1961(1)(B); *RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090, 2096-97 (2016). Plaintiff's conclusory RICO allegation, Am. Compl. at 3, satisfies none of the foregoing requirements. *See Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1264-65 (D.C. Cir. 1995) (addressing factors). And claims, such as this, that are "insubstantial" or "otherwise completely devoid of merit as not to involve a federal controversy" deprive the Court of subject matter jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

## 2. Diversity Jurisdiction

The complaint also provides no basis to proceed in diversity. Plaintiff has pled no facts from which the Court can ascertain her citizenship and that of each defendant. Even if she had, the Court finds with "legal certainty" that plaintiff's claims are "really for less than" $75,000 and are not made in good faith. The claims are based on a total insurance charge of at most $77.00 (allegedly $11.00 added to plaintiff's monthly storage bill between May and November 2019), which even plaintiff admits is "small." Am. Compl. at 1.

For the foregoing reasons, this case will be dismissed for want of jurisdiction. A separate order accompanies this Memorandum Opinion.

United States District Judge

Date: November 27, 2019